UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

TRAVEL LEADERS GROUP, LLC AND :
TZELL TRAVEL, LLC,

                         Plaintiff,

               -against-

GREG CORLEY, *also known as Brian p. Sumwalt also
known as Robert Gregory Corley also known as Aaron
Dixon also known as Susi Feltch also known as Diane
Bosch*, and NORTH TEXAS TRAVEL GROUP LLC,
D/B/A THE TRAVEL GROUP LLC,

                         Defendants.

MEMORANDUM DECISION
AND ORDER

19 Civ. 1595 (GBD) (JLC)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs Travel Leaders Group, LLC and Tzell Travel, LLC bring this action against defendants Greg Corley and North Texas Travel Group LLC pursuant to 15 U.S.C. § 1125(a) of the Lanham Act and Texas common law. (Complaint, ECF No. 6, at ¶¶ 2, 3.) Plaintiffs allege that Defendants falsely advertised that they were affiliated with Plaintiffs, engaged in unfair competition, and misappropriated Plaintiffs' name or likeness. (*Id.*) Defendants have failed to answer, appear, or otherwise file a motion in the instant action. Plaintiffs moved for default judgment against Defendants on June 4, 2019. (Notice of Mot. for Def. J., ECF No. 21.) This Court granted Plaintiffs' motion and referred the matter to Magistrate Judge James L. Cott for an inquest on damages. (Order, ECF No. 24; *see also* Order of Reference, ECF No. 23.)

    Before this Court is Magistrate Judge Cott's December 5, 2019, Report and Recommendation (the "Report"),[1] recommending that this Court deny Plaintiffs' request for

---

[1] The procedural and factual background is set forth in extensive detail in the Report and is incorporated by reference herein.

damages, and that a permanent injunction be entered against Defendants barring Defendants from continuing to use Plaintiffs' name and likeness. (Report, ECF No. 32, at 1-2, 5.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 44.) No objections were filed. Having reviewed Magistrate Judge Cott's Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT IS ADOPTED

### A. Plaintiffs are Not Entitled to an Award of Statutory Damages

Magistrate Judge Cott appropriately found that Plaintiffs are not entitled to statutory damages under the Lanham Act because Plaintiffs have not alleged that Defendants engaged in trademark infringement by using a counterfeit mark.[2] Under the Lanham Act, statutory damages

---

[2] Magistrate Judge Cott appropriately found that Plaintiffs have stated a valid cause of action for trademark infringement stemming from Defendants' use of Plaintiffs' Tzell mark. (Report at 21). A trademark infringement claim arises where (1) plaintiff's mark is entitled to protection, and (2) the "defendant's use of the mark is likely to cause consumers confusion as to the origin of sponsorship of defendant's goods." *Virgin Enters. v Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) (citing *Gruner*, 991 F.2d at 1074). The Tzell mark is a registered trademark and inherently distinctive. (Report at 22.) Furthermore, Defendants' claimed affiliation with "Tzell Travel Group" is willful, intended to confuse customer into falsely associating the Defendants' company with Plaintiffs' company, which also operates in the travel industry. (*Id.* at 22.) Accordingly, Defendant is liable for trademark infringement.

are available pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for trademark infringement claims involving the use of a counterfeit mark. 15 U.S.C. § 1117(c); *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00-CV-7909 (DLC), 2001 WL 135702, at *1 (S.D.N.Y. Feb. 16, 2001). Plaintiffs' Complaint claims that Defendants' website stated that they have a relationship with "The Travel Group," and that "The Travel Group" is affiliated with the "Tzell Travel Group." (Report at 25.) Plaintiffs do not make any allegations regarding the use of counterfeit marks. Accordingly, Plaintiffs are not entitled to statutory damages under the Lanham Act.

### B. Plaintiffs are not Entitled to an Award of Actual Damages

Magistrate Judge Cott also appropriately found that because Plaintiffs have not offered evidence of Defendants' profits from the use of the Tzell mark, or Plaintiffs' own lost profits, they are not entitled to an award of actual damages. In cases of trademark infringement under 15 U.S.C. 1125(a), a plaintiff may recover an award of actual damages based on defendant's profits, the damages sustained by plaintiff, and the costs of the action. 15 U.S.C. § 1117(a); *Scores Holding Co. Inc. v. CJ NYC Inc.*, No. 17-CV-0020 (RA), 2017 WL 2297014, at *3 (S.D.N.Y. May 24, 2017) (quoting *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992)) (citations and quotation marks omitted). Plaintiff bears the burden of presenting evidence concerning defendant's revenue and its own decline in net profits. *Conan Properties Int'l LLC v. Sanchez*, No. 17-CV-162 (FB), 2018 WL 4522099, at *35 (E.D.N.Y. June 8, 2018) (quoting § 1117(a)) (internal quotations omitted), *adopted as modified*, 2018 WL 3869894 (E.D.N.Y. Aug. 15, 2018). Here, Plaintiffs have not offered any evidence regarding Defendants' profits or Plaintiffs' lost profits. (Report at 28.) Nor have Plaintiffs provided an approximation of the calculations necessary to award actual damages. Accordingly, Plaintiff is not entitled to an award of actual damages.

### C. Plaintiffs are Entitled to a Preliminary Injunction

Magistrate Judge Cott also properly found that Plaintiffs are entitled to injunctive relief. A party seeking injunctive relief must show success on the merits of the claim and that (1) plaintiff is "likely to suffer irreparable injury in the absence of an injunction"; (2) remedies at law, such as monetary damages, are inadequate to compensate plaintiff for that injury; (3) the "balance of hardships" tips in plaintiff's favor; and (4) the "public interest would not be disserved" by the issuance of a preliminary injunction. *Salinger v. Colting*, 607 F.3d 68, 78 n.7 (2d Cir. 2010). Here, Plaintiffs established success on the merits based on Defendants' default. (Report at 30.) Plaintiffs have also shown they are likely to suffer irreparable harm in the absence of an injunction due to a strong likelihood of confusion with respect to the Tzell trademark. Plaintiffs have also shown that Defendants' are willing to, or will, continue their infringement based on their default. (*Id.*) In addition, because Defendants have failed to identify any hardship for the Court to consider, Plaintiffs have shown that balance of the hardship weighs in their favor. (*Id.* at 31.) Lastly, Plaintiff has shown that because the public has an interest in being able to rely on quality services, benefits of the exclusive products, and negotiated rates associated with Tzell, the public interest would be served by issuance of a preliminary injunction against Defendants. (*Id.* at 32.) Accordingly, Plaintiffs are entitled to an injunction barring Defendants from using the name 'North Texas Travel Group,' any name resembling 'Travel Leaders Group,' and from falsely claiming to be affiliated with Tzell or any other Travel Leaders Group affiliate.[3]

### D. Plaintiffs are not Entitled to an Award of Attorneys' Fees and Costs

Magistrate Judge Cott properly found that because Plaintiff had not shown that Defendants' trademark infringement qualified as 'exceptional,' Plaintiff is not entitled to an award of attorneys'

---

[3] Magistrate Judge Cott properly found that this Court has personal jurisdiction over Defendants in this action. A federal court may exercise personal jurisdiction over a foreign entity where the exercise of

4

fees and costs. A party is entitled to costs of an action under the Lanham Act where the case is "exceptional." 15 U.S.C. 117(a). An 'exceptional' case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). Here, Plaintiffs only presented evidence showing that Defendants' infringement was willful. (*Id.* at 34.) Plaintiffs have not presented evidence showing that the case is exceptional with respect to the strength of Plaintiffs' litigating position or the unreasonable manner in which the case was litigated. (*Id.*) Accordingly, Plaintiffs are not entitled to an award of attorneys' fees and costs under the Lanham Act.

---

personal jurisdiction comports with due process and there is a statutory basis for personal jurisdiction. *See Schentag v. Nebgen*, No. 17-CV-8734 (GHW), 2018 WL 3104092, at *14 (S.D.N.Y. June 21, 2018) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997)). New York's long-arm statute provides that a court may exercise personal jurisdiction over any non-domiciliary who commits a tortious act outside of the state that causes injury to any person or property in New York if that entity "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3)(ii). Here, Plaintiffs have alleged that Defendants engaged in false advertising on the internet from their principal place of business in Dallas, Texas. (Report at 11.) Plaintiffs also allege that Defendants' false advertisement caused financial and reputational injury to Plaintiffs in New York, where their principal executive office and headquarters are located. (*Id.* at 12.) Additionally, because Defendants promoted themselves as affiliated with a New-York based travel agency, Plaintiffs have also shown the Defendants expected, or should have expected, that their actions would have consequences in New York. (*Id.* at 13.) Accordingly, this Court has personal jurisdiction over Defendants.

### III. CONCLUSION

Magistrate Judge Cott's Report is ADOPTED in its entirety. Plaintiffs are not entitled to an award of damages or attorneys' fees or costs. Plaintiffs are entitled to a permanent injunction barring Defendants from using the name 'North Texas Travel Group,' any name resembling 'Travel Leaders Group,' and from falsely claiming to be affiliated with Tzell or any other Travel Leaders Group affiliate. The Clerk of Court is directed to close the above-captioned action.

Dated: New York, New York
       March 30, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge